**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI**

**IN RE:**                                                                       **CHAPTER 13 CASE NO.:**

**IDA WALLS**                                                             **20-12602-JDW**

**OBJECTION TO CONFIRMATION OF
FIRST AMENDED CHAPTER 13 PLAN (DKT. #12)**

COMES NOW the Chapter 13 Trustee, Locke D. Barkley (the "Trustee"), by and through counsel, after reviewing the Petition, Schedules, Statement of Financial Affairs, and conducting the Section 341(a) Meeting of Creditors, and files this Objection to Confirmation of First Amended Chapter 13 Plan (the "Objection"), and in support thereof states as follows:

1. The Debtor commenced this proceeding by filing a voluntary petition on August 21, 2020 (the "Petition Date"). The Debtor filed a proposed First Amended Chapter 13 Plan (Dkt. #12) (the "Plan") on September 28, 2020.

2. The Debtor is below median income and the proposed term of the Plan is sixty (60) months. The Plan provides that the funds remaining after disbursements have been made to all other creditors provided for in this plan shall be paid to nonpriority unsecured creditors. The liquidation value in Section 5.1 of the Plan is $6,629.81.

3. The Plan fails to comply with 11 U.S.C. § 1325(a)(6) because it is not feasible. The Debtor has failed to fully fund the Plan and is $753.67 delinquent in plan payments through September 2020. Plan payments continue to accrue at the rate of $1399.67 monthly thereafter. The failure by the Debtor to fund the Plan demonstrates that the Plan is not feasible and, therefore, cannot be confirmed.

4.       The Plan fails to comply with 11 U.S.C. § 1325(a)(1). Section 3.1(a) of the Plan provides that the ongoing mortgage payments shall be paid beginning in November 2020 to Shellpoint Mortgage Services ("Shellpoint"). However, the Plan will not be sufficiently funded to allow for the disbursement to Shellpoint and all other creditors at confirmation due to the delinquency in plan payments.

5.       The Debtor should timely remit all plan payments due under the Plan prior to the hearing or the case should be dismissed for failure to comply with the proposed Plan.

6.       For the reasons set forth herein, the Trustee submits that Confirmation of the Plan should be denied and the case dismissed.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that upon notice and hearing that this Court enter its order sustaining the Objection. The Trustee prays for other such general and specific relief to which the Trustee and this bankruptcy estate may be entitled.

Dated: October 16, 2020.

Respectfully submitted,

**LOCKE D. BARKLEY**
**CHAPTER 13 TRUSTEE**

BY:   /s/ Melanie T. Vardaman
ATTORNEYS FOR TRUSTEE
W. Jeffrey Collier (MSB 10645)
Melanie T. Vardaman (MSB 100392)
6360 I-55 North, Suite 140
Jackson, Miss. 39211
(601) 355-6661
mvardaman@barkley13.com

## **CERTIFICATE OF SERVICE**

    I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I either mailed by United States Postal Service, first-class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

    Dated: October 16, 2020.

                                         /s/ Melanie T. Vardaman
                                         MELANIE T. VARDAMAN